IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-00332-WYD-CBS

AD-X INTERNATIONAL, INC.;
ALL STATES MEDIA, INC.;
ALL STATES LEGAL REFERRAL SERVICES, INC.;
ALL STATES CAPITAL CORPORATION; and
LARRY MACPHALE,
    Plaintiffs,
v.

KENNETH E. KOLBJORNSEN;
HANNELORE S. KOLBJORNSEN;
NATIONAL LAWYERS REFERRAL NETWORK; and
LAWYERS AMERICA, INC.,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "Motion for Issuance of Order to Show Cause" to Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen ("Judgment Debtors") filed by Judgment Creditors AD-X International, Inc., All States Media, Inc., All States Legal Referral Services, Inc., All States Capital Corporation, and Larry MacPhale ("Judgment Creditors") on January 21, 2008 (doc. # 336). Pursuant to the Order of Reference dated November 29, 2000 (doc. # 158) and the memorandum dated January 22, 2008 (doc. # 337), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

1

On April 10, 2003, the District Court entered judgment in favor of Judgment Creditors and against Judgment Debtors Kenneth E. Kolbjornsen, Hannelore S. Kolbjornsen, National Lawyers Referral Network, Inc., and Lawyers America, Inc. (*See* doc. # 248). Judgment Creditors represent that Judgment Debtors have engaged in an "ongoing effort to conceal their income and assets" and have thwarted Judgment Creditors' efforts to collect the judgment. (*See* doc. # 336 at p. 6 of 10). Judgment Creditors ask the court to, *inter alia*, issue an "Order to Show Cause directing Kenneth and Hannelore Kolbjornsen to appear, answer, and show cause why they should not be held in contempt of court" for numerous failures. (*See* doc. # 336 at pp. 7-8 of 10).

Judgment Creditors represent that Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen "moved out of their home without leaving a forwarding address and cancelled their telephone service without leaving a recording informing the caller of their new number, all in an evident effort to disappear and avoid paying the judgment entered against them in this cause." (*See* doc. # 336 at p. 2 of 10). Copies of the court's January 24, 2008 Minute Order (doc. # 338) were returned in the mail as undeliverable. (*See* doc. # 339 ("return to sender, not deliverable as addressed, unable to forward") and doc. # 340 (same)).

In light of Judgment Creditors' representations that they cannot locate Judgment Debtors, the court has no means of delivering an Order to Show Cause to Judgment Debtors or notifying Judgment Debtors of the setting of any court hearings. "In a civil contempt case, due process requires that notice be given of the time and place of hearing." *Autotech Technologies LP v. Integral Research & Development Corp.*, 499

F.3d 737, 746- 47 (7th Cir. 2007) (citations omitted). See also *FTC v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) ("[I]n civil contempt proceedings all that is required to satisfy the Due Process Clause is that Defendants be given reasonable notice and an opportunity to be heard.") (citations omitted); *Newton v. A.C.&S., Inc.*, 918 F.2d 1121, 1127 ("Due process requires that a potential contemnor be given notice and a hearing regardless of whether the contempt is civil or criminal in nature.") (citations omitted). Accordingly,

IT IS ORDERED that in the absence of Judgment Debtors' current address, Judgment Creditors' "Motion for Issuance of Order to Show Cause" (filed January 21, 2008) (doc. # 336) is DENIED.

Dated at Denver, Colorado this 26th day of February, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge