IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-00332-WYD-CBS

AD-X INTERNATIONAL, INC.;
ALL STATES MEDIA, INC.;
ALL STATES LEGAL REFERRAL SERVICES, INC.;
ALL STATES CAPITAL CORPORATION; and
LARRY MACPHALE,
    Plaintiffs,
v.

KENNETH E. KOLBJORNSEN;
HANNELORE S. KOLBJORNSEN;
NATIONAL LAWYERS REFERRAL NETWORK; and
LAWYERS AMERICA, INC.,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    Pursuant to the Order of Reference dated November 29, 2000 (doc. # 158) and the memorandum dated July 1, 2008 (doc. # 343), Judgment Creditors' Renewed Motion for Issuance of Order to Show Cause (doc. # 342) was referred to the Magistrate Judge. The court granted Judgment Creditors' Motion on August 19, 2008 and issued its "Order to Show Cause to Defendants/Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen" on August 20, 2008. (*See* doc. # 346). On September 24, 2008, the court held a hearing on the Order to Show Cause. Plaintiff MacPhale appeared in person with counsel. Defendants did not appear in person or through counsel. The court has reviewed the matter, the proceedings held on September 24, 2008, the entire case file, and the applicable law and is sufficiently advised in the

1

premises.

I.  Certification of Facts

In a non-consent case such as this under 28 U.S.C. § 636(a) or (b), upon the commission of an act that constitutes civil contempt, "the magistrate judge shall forthwith certify the facts to a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).

1. On April 10, 2003, the District Court entered judgment in favor of Judgment Creditors and against Defendants/Judgment Debtors Kenneth E. Kolbjornsen, Hannelore S. Kolbjornsen, National Lawyers Referral Network, Inc., and Lawyers America, Inc. (*See* doc. # 248). As Judgment Creditors' attempts to collect on the judgment have been met by Mr. and Mrs. Kolbjornsen's ongoing efforts to conceal their income and assets, on June 30, 2008, Judgment Creditors filed their Renewed Motion for Issuance of Order to Show Cause (doc. # 342).

2. The court issued an Order to Show Cause on August 20, 2008, requiring Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen to

> appear in person with or without counsel on Wednesday, September 24, 2008 at 8:30 a.m. in Courtroom A402, Fourth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294 to show cause why they should not be held in contempt for: (a) failing to provide contact information for their adult children as ordered by the court; (b) failing to cooperate in the scheduling of an interview with Gerda Kolbjornsen as ordered by the court; (c) failing to provide truthful answers to questions regarding their income, assets, and expenditures in post-judgment depositions conducted in this matter; and (d) failing to provide truthful answers to questions regarding their income, assets, and expenditures in responses to post-judgment interrogatories served upon them in this matter. Kenneth and Hannelore Kolbjornsen are warned that failure to appear in person with or without counsel on Wednesday, September 24, 2008 at 8:30 a.m. may result in findings of contempt and/or liability for costs and attorney fees against them.

(*See* doc. # 346).  The court held a hearing on the Order to Show Cause on September 24, 2008.  Judgment Creditor MacPhale appeared in person with counsel.  Judgment Debtors did not appear in person or through counsel.  Judgment Debtors have not contacted the court to explain their failure to appear.

   3. The court directed Judgment Creditors to cause the Order to Show Cause to be personally served on Kenneth Kolbjornsen and Hannelore Kolbjornsen and to file returns of such personal service with the court on or before September 22, 2008.  Judgment Creditors were unable to provide the court proof of personal service on Judgment Debtors.  Nevertheless, the court record indicates that Judgment Debtors received notice of the September 24th show cause hearing.  On August 19, 2008, the Clerk of the Court mailed a copy of the Courtroom Minutes/Minute Order to Judgment Debtors at their addresses of record with the court.  (*See* Notice of Electronic Filing for doc. # 345).  On August 20, 2008, the Clerk of the Court mailed a copy of the Order to Show Cause to Judgment Debtors at their addresses of record with the court.  (*See* Notice of Electronic Filing for doc. # 346).  The court's records reflect that only one of these six mailings was returned to the court as undeliverable.  (*See* doc. # 347).  Counsel for Judgment Creditors also represented that based on a telephone conversation and receipt of the Courtroom Minutes/Minute Order (doc. # 345), Mr. Kolbjornsen was aware that the court would issue an Order to Show Cause.  (*See* FTR audio recording of September 24, 2008 hearing; Courtroom Minutes/Minute Order (doc. # 348)).

II. Analysis

3

It is well-settled that "a district court has broad discretion in using its contempt power to require adherence to court orders." *United States v. Riewe*, 676 F.2d 418, 420 (10th Cir. 1982). Civil contempt has a remedial objective and seeks to compel future compliance with a court order. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994). To find civil contempt, the court must find by clear and convincing evidence that (1) a valid court order existed; (2) the contemnor had knowledge of that order; and (3) the contemnor disobeyed the order. *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004). *See also AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001) ("A complainant must prove civil contempt by clear and convincing evidence") (internal quotation marks and citations omitted). Once the moving party establishes a *prima facie* case, the alleged contemnor must produce evidence explaining his noncompliance. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).

The court finds that Judgment Creditors have established by clear and convincing evidence that Judgment Debtors are in violation of the court's orders made in open court on January 10, 2007 and the court's August 20, 2008 Order to Show Cause. The court specifically ordered Judgment Debtors to provide contact information for their adult children and to cooperate with Judgment Creditors in scheduling an interview with Gerda Kolbjornsen. (*See* FTR audio recording of January 10, 2007 hearing; Courtroom Minutes/Minute Order (doc. # 330)). Judgment Creditors received adequate notice of the court's August 20, 2008 Order to Show Cause. *See* Fed.R.Civ.P. 5(b) (service may be made by mailing a copy to the last known address of the person served and service by mail is complete on mailing). *See also Autotech*

*Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 747 (7th Cir. 2007) (acknowledging that in civil contempt proceedings, service should conform to the requirements of Fed.R.Civ.P. 5(b) since a civil contempt proceeding is an extension of the original action), *cert. denied*, 128 S.Ct. 1451 (2008); *United States v. Berg*, 20 F.3d 304, 309 (7th Cir. 1994) (a party cannot be found in contempt unless afforded notice and an opportunity to be heard); *Colorado Mountain Express, Inc. v. Aspen Limousine Service, Inc.*, 198 B.R. 341, 350 (D. Colo. 1996) ("[g]enerally, civil contempt sanctions may be imposed pursuant to the minimal procedures of notice and an opportunity to be heard").

While the Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard, *Kuykendall*, 371 F.3d at 755, a full evidentiary hearing is not required in every case where civil contempt is sought. The court is not required to conduct an evidentiary hearing where there are no genuine issues of material fact, the accused party had ample notice and opportunity to respond, and the parties did not request a hearing. *Hart's Rocky Mountain Retreat, Inc. v. Gayhart*, 2007 WL 2491856 at * 1 (D. Colo. 2007) (citing *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)). *See also United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okl. 1995) ("In the civil contempt context, most courts hold that due process does not require that an evidentiary hearing be held or that the potential contemnor have a right to call witnesses, at least when no material issues of fact are raised.") (citation omitted). The court has not been presented any dispute of material fact. Judgment Debtors neither requested an evidentiary hearing nor appeared at the hearing set by the court. Under the circumstances of this case, the requirements of due process have been

satisfied.

While diligent efforts resulting in substantial compliance with an underlying order may avert a finding of contempt, *see AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001) ("good faith efforts alone do not insulate a defendant in a contempt action"); *Universal Motor Oils Co., Inc. v. Amoco Oil Co.*, 743 F. Supp. 1484, 1487 (D. Kan. 1990) (substantial compliance may constitute a defense to civil contempt; technical or inadvertent violations will not support a finding of civil contempt if the violating party has taken "all reasonable steps" to comply with the order), there is no evidence here of any compliance much less substantial compliance with the court's orders.

Having found that Judgment Debtors had knowledge of and disobeyed the court's orders, the court must consider an appropriate sanction. In a case of civil contempt, "the court must consider 'the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)). The sanctions imposed in cases of civil contempt may range from a coercive daily fine, a compensatory fine, attorneys' fees and costs, or coercive incarceration, but should not be any greater or more onerous than necessary to achieve compliance. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citations omitted). "The district court has inherent authority to fashion the remedy for contumacious conduct, and incarceration is among the authorized remedies." *United States v. Conces*, 507 F.3d 1028, 1043-44 (6th Cir. 2007) (internal quotation marks and citations omitted), *cert.*

*denied*, 128 S.Ct. 2449 (2008).  The record in this case supports the court's determination that nothing short of coercive imprisonment would secure compliance with the court's orders by the Judgment Debtors, who have failed throughout the proceedings in this case since 1999 to comply with court orders.  Lesser sanctions have been and would be ineffective to secure compliance with the court's orders.

Accordingly, IT IS RECOMMENDED that:

1. Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen be found in civil contempt for: (1) failing to comply with the court's orders of January 10, 2007 to provide contact information for their adult children as ordered by the court and to cooperate in the scheduling of an interview with Gerda Kolbjornsen; (2) failing to provide sworn answers to questions regarding their income, assets, and expenditures in their post-judgment depositions and in their responses to post-judgment interrogatories; and (3) failing to comply with the court's August 20, 2008 Order to Show Cause.

2. Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen be arrested and coercively incarcerated until they purge themselves of contempt by complying with the court's January 10, 2007 orders and the court's August 20, 2008 Order to Show Cause and providing sworn answers to questions regarding their income, assets, and expenditures.

3. Upon the arrest and coercive incarceration of Judgment Debtors, the court hold a prompt hearing to address Judgment Debtors' contempt.

4. A bench warrant issue for the United States Marshal to arrest Judgment Debtors Kenneth Kolbjornsen and Hannelore Kolbjornsen.  Judgment Debtors' last

known address of record with the court is 1530 South Florence Way, Unit 310, Denver, Colorado 80247.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

8

appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 25th day of September, 2008.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge